**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ROCKETBAR, LLC,                                      CASE NO.

      Plaintiff,                                      District Judge:
                                                     Magistrate Judge:
vs.

LAKSHMI DISTRIBUTORS, LLC and
CIRCLE K STORES, INC.,

      Defendants.

_____/

## COMPLAINT

Plaintiff, ROCKETBAR, LLC ("Plaintiff" or "RocketBar") sues Defendants,

LAKSHMI DISTRIBUTORS, LLC d/b/a C-STOREMASTER ("C-Storemaster") and

CIRCLE K STORES, INC. ("Circle K") and alleges:

1.      This is a cause of action for damages in excess of $75,000.00, exclusive of

interest and costs.

2.      At all times material hereto, ROCKETBAR has been a limited liability company

organized under the laws of the State of Delaware with its principal place of business in Broward

County, Florida.

3.      At all times material hereto, Defendant, LAKSHMI DISTRIBUTORS, LLC

d/b/a C-Storemaster has been a limited liability company organized under the laws of the State

of Alabama, with its principal place of business at 3100 University Drive, Huntsville, AL 35816.

4.      At all times material hereto, Defendant, CIRCLE K STORES, INC. has been a

corporation organized under the laws of the State of Texas, with its principal place of business at

1130 W. Warmer Road, Building B, Tempe, AZ 85284.

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because: (a) the

RocketBar, LLC v. Lakshmi Distributors, LLC, Circle K Stores, Inc.
Complaint
Page 2

amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (b) there is diversity of citizenship between the parties because Plaintiff is a citizen of the State of Florida, and Defendants are citizens of other states.

6.      Venue is proper under 28 U.S.C. § 1391(b) in this judicial district because it is the Defendants are subject to the Court's personal jurisdiction as set forth herein.

7.      At all times material hereto, C-Storemaster and Circle K have submitted themselves to the jurisdiction of the Courts of the State of Florida by engaging in business in Florida by, among other things, delivering and supplying products to Florida consumers, soliciting business in Florida and operating Circle K stores throughout Florida.

**GENERAL ALLEGATIONS**

8.      Since August 24, 2020, RocketBar has been a developer and a manufacturer of electronic nicotine delivery systems and related components (the "Products").

9.      On or about January 24, 2022, RocketBar and C-Storemaster entered into a Purchase and Distribution Agreement whereby RocketBar would supply Products to C-Storemaster, who would in turn supply these products to Circle K under a separate US Regional Supplier and Purchase Agreement between C-Storemaster and Circle K, dated December 1, 2021.  True and correct copies of the Purchase and Distribution Agreement and the US Regional Supplier and Purchase Agreement are attached hereto as Exhibits A and B, respectively.

10.     At all material times hereto, Circle K was fully aware of the written contractual agreement entered into between RocketBar and C-Storemaster and that RocketBar was the ultimate supplier of any of the Products to be sold by Circle K at one of its convenience stores and gas stations within the Southeastern United States.

RocketBar, LLC v. Lakshmi Distributors, LLC, Circle K Stores, Inc.
Complaint
Page 3

11.     Prior to December 1, 2021 and the execution of the Purchase and Distribution Agreement, C-Storemaster ordered Products to then be shipped by RocketBar.   These Products were shipped to locations as directed by C-Storemaster, but ultimately all of the Products would be stocked on the shelves of stores owned and operated by Circle K and RocketBar would be paid timely for the delivery.

12.     At all material times hereto, Circle K was aware that RocketBar was the sole supplier of the Products to C-Storemaster for sale to Circle K stores in the Southeastern United States.

13.     In or around January, 2022, upon information and belief, Circle K approached C-Storemaster and requested that C-Storemaster renegotiate with RocketBar and alter the terms of the previous business relationship.   Rather than place orders for products and pay for the inventory, Circle K demanded that C-Storemaster and in turn RocketBar switch to a scan-based inventory system.  In a scan-based inventory system, RocketBar would provide inventory at the request of C-Storemaster, which would then be delivered to Circle K for stocking on its shelves. RocketBar would be paid only when a customer eventually purchased one of the Products or when the product was "scanned" at the register.

14.     At all material times hereto, Circle K and C-Storemaster were aware that switching the business model from a purchase-based model to a scan-based model would be a significant risk for RocketBar because RocketBar would essentially be providing a substantial amount of Products to C-Storemaster and Circle K, but that RocketBar would not receive payment for the Products for several weeks or months or possibly longer.

RocketBar, LLC v. Lakshmi Distributors, LLC, Circle K Stores, Inc.
Complaint
Page 4

15.    More importantly, by providing the Products to C-Storemaster and Circle K on a scan-based system, RocketBar would be precluded from selling the very same Products at other locations or to other distributors.

16.    In addition to asking for a switch to a scan-based system, Circle K, through C-Storemaster, demanded that RocketBar provide a $400,000 credit for inventory already in its possession within its stores.

17.    In order to induce RocketBar to switch the terms of its contractual relationship and its business relationship with Circle K, both Circle K and C-Storemaster made specific promises to RocketBar that if the switch was made and a inventory credit was given, Circle K and RocketBar would open up other geographical areas for RocketBar to sell its Products.

18.    Without these assurances and promises made by Circle K and C-Storemaster to RocketBar, RocketBar would not have agreed to switch the relationship to a scan based system.

19.    Circle K and C-Storemaster intended that RocketBar rely upon these representations.

20.    RocketBar justifiably relied upon the promises and representations made by Circle K and C-Storemaster, to its detriment.

21.    Pursuant to Section 11 of the Purchase and Distribution Agreement, the initial term of the agreement was for 12 months, or at least until January 23, 2023.   The Purchase and Distribution Agreement could be terminated earlier pursuant to Section 11(b).

22.    On or about March 1, 2022, despite RocketBar's full compliance with the terms and conditions of the Purchase and Distribution Agreement, C-Storemaster unilaterally attempted to cancel the agreement, despite its failure to comply with Section 11 of agreement.

RocketBar, LLC v. Lakshmi Distributors, LLC, Circle K Stores, Inc.
Complaint
Page 5

23.     Circle K and C-Storemaster conspired together to intentionally breach C-Storemaster's contractual relationship with RocketBar.

24.     This malfeasance has resulted in extreme economic damage to RocketBar.

## COUNT I
### Breach of Contract by C-Storemaster

25.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

26.     C-Storemaster has breached the Purchase and Distribution Agreement by unilaterally attempting to terminate the agreement in direct contravention to Section 11 of the Purchase and Distribution Agreement.

27.     As of result of this improper termination and anticipatory breach, RocketBar has suffered substantial damages in excess of $2,000,000.00 or the anticipated sales of its Products in all Circle K stores.

WHEREFORE, Plaintiff, RocketBar, LLC respectfully requests the Court to enter judgment against Defendant, Lakshmi Distributors, LLC d/b/a C-Storemaster, for compensatory damages, costs, and grant other relief as this Court deems appropriate.

## COUNT II
### Breach of Covenant of Good Faith and Fair Dealing by Defendants

28.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

29.      The Defendants both received consideration from RocketBar in order to act in RocketBar's best interests and perform under the arrangement between all of the parties.

RocketBar, LLC v. Lakshmi Distributors, LLC, Circle K Stores, Inc.
Complaint
Page 6

30.     As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages from C-Storemaster's improper termination of the Purchase and Distribution Agreement and the improper alteration of the prior business arrangement between the parties.

WHEREFORE, Plaintiff, RocketBar, LLC respectfully requests the Court to enter judgment against Defendants, Lakshmi Distributors, LLC d/b/a C-Storemaster and Circle K Stores, Inc., for compensatory damages, costs, and grant other relief as this Court deems appropriate.

## COUNT III
### Fraud by Defendants

31.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

32.     The Defendants have both made numerous false and misleading statements to RocketBar to induce RocketBar to alter the business arrangement between the parties,

33.     Circle K along with C-Storemaster made a series of promises and representations to RocketBar.

34.     Plaintiff has been damaged by the Defendants' misconduct entitling it to actual damages.

WHEREFORE, Plaintiff, RocketBar, LLC respectfully requests the Court to enter judgment against Defendants, Lakshmi Distributors, LLC d/b/a C-Storemaster and Circle K Stores, Inc., for compensatory damages, costs, and grant other relief as this Court deems appropriate.

RocketBar, LLC v. Lakshmi Distributors, LLC, Circle K Stores, Inc.
Complaint
Page 7

## COUNT IV
### Tortious Interference

35.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

36.     Circle K has interfered with the Purchase and Distribution Agreement by demanding the C-Storemaster improperly terminate the agreement without justification.

WHEREFORE, Plaintiff, RocketBar, LLC respectfully requests the Court to enter judgment against Defendant, Circle K Stores, Inc., for compensatory damages, costs, and grant other relief as this Court deems appropriate.

## COUNT V
### Unjust Enrichment

37.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

38.     The Defendants colluded to convey the benefit of the Plaintiff's supply of Products to Defendants to the detriment of Plaintiff, without compensating the Plaintiff.

39.     In equity and good conscience, it would be unfair for Defendant to retain any such benefits.

WHEREFORE, Plaintiff, RocketBar, LLC respectfully requests the Court to enter judgment against Defendants, Lakshmi Distributors, LLC d/b/a C-Storemaster and Circle K Stores, Inc., for compensatory damages, costs, and grant other relief as this Court deems appropriate.

RocketBar, LLC v. Lakshmi Distributors, LLC, Circle K Stores, Inc.
Complaint
Page 8

## COUNT VI
### Promissory Estoppel

40.     Plaintiff incorporates the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

41.     The Defendants promised RocketBar that it would obtain access to Circle K stores throughout all of the United States and expected RocketBar to act on this promise.

42.     RocketBar actually and detrimentally relied on the Defendants' promises and did provide Products to Defendants and did not enter into other business relationships.

43.     Enforcing the promise is necessary to avoid injustice to RocketBar.

WHEREFORE, Plaintiff, RocketBar, LLC respectfully requests the Court to enter judgment against Defendants, Lakshmi Distributors, LLC d/b/a C-Storemaster and Circle K Stores, Inc., for compensatory damages, costs, and grant other relief as this Court deems appropriate.

RocketBar, LLC v. Lakshmi Distributors, LLC, Circle K Stores, Inc.
Complaint
Page 9

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(b) of the Federal

Rules of Civil Procedure.

Dated this 21st day of March, 2022.

Respectfully submitted,

**LORIUM PLLC**
*Counsel for Plaintiff*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@loriumlaw.com


By: ___/s/ Joe M. Grant_____
        JOE M. GRANT
        Florida Bar No. 137758